```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


ANDREW CHAISSON and                       CIVIL ACTION
NORMA CHAISSON

VERSUS                                    NO. 07-3182

WESTERN WORLD INSURANCE COMPANY,          SECTION "F"
CDP CORPORATION, INC., and JOHN LIGHTNER
```

ORDER AND REASONS

Before the Court is plaintiffs' motion for summary judgment on liability. For the reasons that follow, the motion is DENIED.

**Background**

On March 12, 2007, Andrew Chaisson was injured in a car accident while traveling as a passenger in a 2001 Chevrolet Silverado; Terry Nettleton was driving the Silverado. Chaisson alleges that the Silverado was stopped for traffic when a Peterbilt 379 tractor/trailer[1], driven by John Lightner, rear-ended the Silverado.

On June 7, 2007, Andrew and Norma Chaisson sued John Lightner, his employer, CDP Corporation, and Western World Insurance Company alleging that the defendants' negligence caused the plaintiffs' injuries.[2] On August 1, 2007, defendants filed a third-party

---

[1] The Peterbilt 379 was owned by CDP Corporation and insured by Western World.

[2] The plaintiffs allege that this Court has diversity jurisdiction because the amount in controversy exceeds $75,000 and further that the parties are of diverse citizenship because

1

demand against Terry Nettleton and Nettleton Oyesters, Inc., alleging that Mr. Nettleton's own negligence caused the damages alleged by the plaintiffs.

The plaintiffs now move for summary judgment on liability. The defendants oppose summary judgment on the grounds that the motion is not properly supported by any evidence and that the motion is premature. The Court agrees.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is

---

plaintiffs are Louisiana domiciliaries, John Lightner is a Pennsylvania domiciliary, CDP is a Mississippi domiciliary, and Western World is a domiciliary of New Hampshire.

appropriate.  <u>Id</u>. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  <u>See</u> <u>Donaghey v. Ocean Drilling & Exploration Co.</u>, 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  <u>Id</u>.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  <u>Martin v. John W. Stone Oil Distrib., Inc.</u>, 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. <u>Anderson</u>, 477 U.S. at 255.

The plaintiffs contend that John Lightner's vehicle rear-ended Terry Nettleton's car, and that Andrew Chaisson was injured as a result of the collision.  Mere contentions that defendants are liable are insufficient to satisfy the movants' burden on summary judgment.  Indeed, the Chaissons supply no record evidence to the Court to support their motion for summary judgment on liability.[3]

---

[3] The plaintiffs contend that John Lightner allegedly told the investigating police officer that he was stopped for traffic and his foot slipped off the pedal, which caused his vehicle to strike the other car.  The defendants counter that any statement made in the police report is hearsay and inadmissible as evidence to support the plaintiffs' motion.  The Court, however, need not decide the admissibility of any contents of the police

They merely reproduce the allegations of their complaint. Absent independent record evidence supporting their claim regarding liability, summary judgment is inappropriate.

Moreover, the Court agrees with the defendants' contention that the motion for summary judgment is premature. Apparently, no depositions have been taken thus far and there has been little, if any, discovery.[4]  Further, the plaintiffs wholly ignore the possibility of comparative fault, as alleged in the third-party demand. Because there is no evidence offered in support of the plaintiffs' allegations, the issue of liability is clearly not ripe for summary judgment.

Accordingly, the motion is DENIED without prejudice as premature.

New Orleans, Louisiana, October 9, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

report, given the plaintiffs' failure even to submit the report in support of their motion for summary judgment on liability.

[4] On this state of the record, plaintiffs' motion seems frivolous at the least.